**Douglas CARPENTER, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.**

No. 02–6299.

United States Court of Appeals, Second Circuit.

Oct. 15, 2003.

Joseph Hein, Altamont, NY, for Appellant.

Stephan J. Boardman, United States Postal Service, Washington, DC (Eric J. Scharf, United States Postal Service, Joseph A. Pavone, United States Attorney, James C. Woods, Assistant United States Attorney, Albany, NY, on the brief), for Appellee.

Present: WALKER, Jr., Chief Judge, JACOBS, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Douglas Carpenter appeals from the Order of the district

court of the Northern District of New York (David R. Homer, *Magistrate Judge*) confirming a binding arbitral award and dismissing his actions for disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("the Act"). The arbitrator found that appellant did not qualify as disabled under the Act. Although appellant claimed he was disabled due to "substantial limitation" in the "major life activities" of "walking" and "sleeping," the arbitrator found, after a full trial, that the appellant was not disabled within the meaning of the Act. The district court found no reason to vacate the award of dismissal. Appellant's appeal alleges that the district court erred because it should have vacated on the ground that the award incorrectly applied the Supreme Court's definition of "disability" in *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). We disagree and affirm the court below.

When reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error. *Pike v. Freeman,* 266 F.3d 78, 86 (2d Cir.2001). Federal court review of an arbitral judgment is highly deferential and such judgments are to be reversed only where the arbitrators have exceeded their authority or made a finding in manifest disregard of the law. *Fahnestock & Co. v. Waltman,* 935 F.2d 512, 515 (2d Cir.1991); *DiRussa v. Dean Witter Reynolds, Inc.,* 121 F.3d 818, 821 (2d Cir.1997).[1] In determining whether arbitrators have "manifestly disregarded the law," we have held that there must be something beyond and different from a mere error in the law or a failure on the part of the arbitrators to understand or apply the law. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930, 934 (2d Cir.1986) (finding the manifest disregard standard

"extremely limited"); *see also Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 111–12 (2d Cir.1993) ("[C]ourts may vacate awards only for an overt disregard of the law and not merely for an erroneous interpretation ... Moreover, the law ignored by the arbitrators must be well defined, explicit, and clearly applicable if the award is to be vacated.") (internal quotation marks omitted). Here, the arbitrator did not manifestly disregard the law. On the contrary, he applied it correctly to facts he found without clear error. As to the facts found, "a court may not review the weight the arbitrat[or] accorded to conflicting evidence." *See Sobol v. Kidder, Peabody & Co., Inc.,* 49 F.Supp.2d 208, 217 (S.D.N.Y.1999), *aff'd,* 164 F.3d 617 (2d Cir. 1998).

Appellant urges this court that the district court judgment confirming the arbitral award must be vacated because the arbitrator manifestly disregarded relevant disability law articulated by *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001). The district court, however, properly recognized that the questions addressed by the Supreme Court in *Martin* are inapposite. In particular, *Martin* never addressed the definition of disability under the Act; instead, it merely assumed that golfer Casey Martin was disabled within the meaning of the Act.

Appellee is, accordingly, correct to emphasize that the relevant disability law is *Williams,* where the Court directly addressed the threshold question relevant to the arbitration decision and its confirmation, of the standard governing the determination of a disability in the first place. *Williams* decided that to qualify as disabled, a claimant must experience "substantial limitation" to a "major life activity," where "to be substantially limited ...,

---

1. The statutory bases for vacating arbitral awards contained in the Federal Arbitration Act are not at issue here. *See* 9 U.S.C. § 1 *et seq.*

an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Williams,* 534 U.S. at 185. And "major life activities" clearly include walking. 24 C.F.R. § 100.201(b); 28 C.F.R. § 41.31(b)(2); 34 C.F.R. § 104; 45 C.F.R. § 84.3(j)(2)(ii). *Williams* requires, however, "a demanding standard for qualifying as disabled," 534 U.S. at 187, and a careful inquiry to fulfill the "statutory obligation to determine the existence of [a disability] on a case-by-case basis," *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 566, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). We have held that *Williams* lays out the proper standard for determining disability in *Weixel v. Bd. of Educ. of the City of New York,* 287 F.3d 138, 147 (2d Cir.2002) and *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35 (2d Cir. 2002). Thus, the arbitrator's decision to utilize the *Williams* standard was correct and cannot be considered a manifest disregard of the law.

Appellant selectively cites one page in the trial transcript (without furnishing this court-or the court below-with a full transcript) where the arbitrator seems to understand the basic holding of the *Martin* case but refuses to allow further examination of a lay witness about it, uttering "I'm not sure-I don't feel that's [i.e., walking or sleeping is] a major life activity" (Tr. 133). Whatever appellant wishes us to conclude from this opaque remark made in a tangential context, the arbitrator's decision and award clearly demonstrated an appropriate application of the *Williams* standard: it did not deny that walking or sleeping could be considered "major life activities," only that appellant "is not disabled within the meaning of the Rehabilitation Act."

We can find no clear error in fact-finding to warrant upsetting the arbitral award and its confirmation in the district court. First, we were not furnished with a complete transcript of the trial, and the selective testimony provided to us cannot help us evaluate the credibility and weight of the evidence, which is primarily the province of the arbitrator. Second, since we review the arbitrator's fact-finding very deferentially, and there is a substantial basis for those findings in the limited record that we do have, we see no clear error that could justify reversal.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**